[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11813
Non-Argument Calendar

_____

D.C. Docket No. 7:15-cr-00003-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD MINCEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 21, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Edward Mincey appeals his convictions for possession with intent to

distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and

possession with intent to distribute marijuana, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(D).  On appeal, Mincey argues that the district court erred by denying his motion to suppress the controlled substances found in his rental vehicle during a traffic stop.  After thorough review, we affirm.

We review the grant or denial of a motion to suppress evidence as a mixed question of law and fact.  United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003).  The district court's findings of fact are reviewed for clear error and the application of the law to the facts de novo.  Id.  "The facts are construed in favor of the party that prevailed below," which in this case is the government.  Id.

The Fourth Amendment protects individuals from unreasonable searches and seizures.  U.S. Const. amend. IV.  "A traffic stop is a seizure within the meaning of the Fourth Amendment."  United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001).  A decision to stop a vehicle is reasonable under the Fourth Amendment when an officer has probable cause to believe that a traffic violation occurred.  United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999).  A traffic stop must last no longer than is necessary to effectuate the purpose of the stop.  United States v. Pruitt, 174 F.3d 1215, 1220 (11th Cir. 1999).  "Ordinarily, when a citation or warning has been issued and all record checks have been completed and come back clean, the legitimate investigative purpose of the traffic stop is fulfilled . . . ."  United States v. Simms, 385 F.3d 1347, 1353 (11th Cir. 2004).

2

An officer may prolong a traffic stop beyond its legitimate purpose only in the limited circumstances where there is "articulable suspicion illegal activity has occurred or is occurring," or if the driver consents. Pruitt, 174 F.3d at 1220. Articulable suspicion must be drawn from specific facts, and rational inferences therefrom, measured under the totality of the circumstances and in light of the officer's knowledge. United States v. Tapia, 912 F.2d 1367, 1370 (11th Cir. 1990). A Fourth Amendment violation occurs when police conduct a dog sniff and uncover contraband while an individual is unlawfully detained, e.g., "during an unreasonably prolonged traffic stop." Illinois v. Caballes, 543 U.S. 405, 407-08 (2005). But see Utah v. Strieff, 136 S. Ct. 2056, 2059 (2016) (declining to impose exclusionary remedy under the circumstances of the case). Thus, while the duration of an initial traffic stop may be reasonable, any continued detention is illegal absent reasonable suspicion. Perkins, 348 F.3d at 971.

In weighing factors for reasonable suspicion, we look to the "totality of the circumstances." United States v. Arvizu, 534 U.S. 266, 273 (2002). We are not entitled to give "no weight" to certain factors merely because they may have an innocent explanation. Id. at 274. An officer can detain a motorist for a brief investigation when the officer, through his training and experience, can point to specific factors that lead him to suspect other legal wrongdoing, but cannot rely on a mere "hunch." Id. at 273-74. The standard we apply "falls considerably short of

3

satisfying a preponderance of the evidence standard." Id. at 274. Reasonable suspicion may exist even if each fact alone is susceptible of innocent explanation. United States v. Bautista-Silva, 567 F.3d 1266, 1272 (11th Cir. 2009).

In this case, Mincey does not challenge the initial traffic stop; he challenges only the duration of the stop, and we can find no constitutional error in its duration. From the moment Deputy Bruce initiated the traffic stop, Mincey acted in ways that distinguished himself from the average traveler. For example, upon pulling to the side of the road, Mincey stopped his vehicle for a brief second, and then -- for reasons not clearly related to safety concerns -- proceeded to move again before coming to a complete stop. When Deputy Bruce approached the vehicle and ordered Mincey to exit, Mincey moved his hand towards the gearshift, refused to exit the vehicle, and asked on at least two occasions what "cause" Bruce had to order him out. Mincey remained in the car against Bruce's orders, and did not exit until Bruce notified him of the consequences of his failure to comply. After finally exiting the vehicle, Mincey was visibly nervous, so nervous that Bruce could see his carotid artery and heart pulsating. Mincey's responses to Bruce's questioning did not allay any of the concerns Bruce was noticing; to the contrary, as the stop progressed, Bruce learned that Mincey was traveling in a direction inconsistent with his destination, that Mincey could not correctly describe the terms of the

rental car agreement, and that the price paid for the rental was $2,300, even though Mincey admitted he was unemployed.  Last, but not least, Mincey curiously answered Bruce's question regarding whether he had large amounts of U.S. currency in his vehicle by stating that he was not a drug dealer. Moreover, the record indicates that Deputy Bruce is an officer with a significant amount of training and experience in narcotics investigations.

When viewed under the totality of the circumstances standard, and in the light most favorable to the government, the record supports Deputy Bruce's reasonable suspicion that Mincey was involved in criminal activity.  As a result, the continued detention of Mincey was not unconstitutional because Deputy Bruce had reasonable suspicion to continue to detain Mincey beyond the initial purpose of the traffic stop, and the evidence found as a result of Deputy Bruce's additional investigation was admissible.  The district court did not err in denying Mincey's motion to suppress evidence.

**AFFIRMED**.